**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Caretha Greene, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   11 C 545 |
| | ) | |
| MRS BPO, LLC, d/b/a MRS Associates, | ) | |
| a New Jersey limited liability company, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Caretha Greene, brings this action under the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt

collection actions violated the FDCPA, and to recover damages for Defendant's

violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28

U.S.C. § 1331.

2.      Venue is proper in this District because: a) the acts and transactions

occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3.      Plaintiff, Caretha Greene ("Greene"), is a citizen of the State of New York,

from whom Defendant attempted to collect a delinquent consumer debt she owed for a

Bank of America credit card, despite the fact that she was represented by the legal aid

attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4.      Defendant, MRS BPO, LLC, d/b/a MRS Associates ("MRS") is a New Jersey limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  Defendant MRS operates a nationwide debt collection business, and attempts to collect debts from consumers in every state, including consumers in the State of Illinois.  In fact, Defendant MRS was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Greene.

5.      Defendant MRS is licensed to conduct business in Illinois and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A.  In fact, MRS conducts business in Illinois.

6.      Moreover, Defendant MRS is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, MRS acts as a debt collector in Illinois.

## FACTUAL ALLEGATIONS

7.      Ms. Greene is a senior citizen, with limited assets and income, who fell behind on paying her bills.  When Defendant MRS began trying to collect a delinquent Bank of America debt from Ms. Greene, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant MRS's collection actions.

2

8.      On December 14, 2010, one of Ms. Greene's attorneys at LASPD told MRS, in writing, that Ms. Greene was represented by counsel, and directed MRS to cease contacting her, and to cease all further collection activities because Ms. Greene was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit C.

9.      Nonetheless, on January 4, 2011, Defendant MRS e-mailed a collection demand, dated December 14, 2010, to Ms. Greene in care of her LASPD attorneys in Chicago.  A copy of this e-mail letter is attached as Exhibit D.

10.     Accordingly, on January 6, 2011, one of Ms. Greene's LASPD attorneys had to write to Defendant MRS again to demand that it cease collection of the debt. Copies of this letter and fax confirmation are attached as Exhibit E.

11.     All of Defendant MRS's collection actions complained of herein occurred within one year of the date of this Complaint.

12.     Defendant MRS's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### Violation Of § 1692c(c) Of The FDCPA -- Failure To Cease Communications And Cease Collections

13.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

14.     Here, the letter from Ms. Greene's agent, LASPD, told Defendant MRS to cease communications and cease collections (Exhibit C).  By continuing to

communicate regarding this debt and demanding payment, Defendant MRS violated § 1692c(c) of the FDCPA.

15.     Defendant MRS's violation of § 1692c(c) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Caretha Greene, prays that this Court:

1.     Find that Defendant MRS's debt collection actions violated the FDCPA;

2.     Enter judgment in favor of Plaintiff Greene, and against Defendant MRS, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.     Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Caretha Greene, demands trial by jury.

Caretha Greene,

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated:  January 25, 2011

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com